1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   DINH NGUY,                                    No.  2:13-cv-02283 TLN KJN PS

11                    Plaintiff,

12          v.                                      ORDER

13   CINCH BAKERY EQUIPMENT, LLC, et
     al.,
14
                     Defendants.
15

16          On November 6, 2013, defendants Cindi Chananie ("Chananie") and Cinch Bakery

17   Equipment, LLC ("Cinch") (collectively "defendants") filed a "motion to dismiss for improper

18   venue and/or to compel arbitration" pursuant to Federal Rule of Civil Procedure 12(b)(c) and the

19   Federal Arbitration Act, 9 U.S.C. § 2.[1]  (ECF No. 4.)  Defendants noticed their motion for a

20   hearing to take place before the undersigned on December 12, 2013, and served their moving

21   papers upon plaintiff via U.S. Mail on November 6, 2013.  (ECF No. 4-1.)

22          Pursuant to this court's Local Rules, plaintiff Dinh Nguy ("Nguy" or "plaintiff") was

23   obligated to file and serve a written opposition or statement of non-opposition to the pending

24   motion at least fourteen (14) days prior to the hearing date, or November 28, 2013.  See E.D. Cal.

25   L.R. 230(c).[2]  The court's docket reveals that plaintiff, who is proceeding without counsel, has

26   _____

     [1]  This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28
27   U.S.C. § 636(b)(1).

28   [2]  More specifically, Eastern District Local Rule 230(c) provides:

                                              1

1  failed to file any written opposition or statement of non-opposition with respect to the pending

2  motion to dismiss.

3      Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply

4  with these Rules or with any order of the Court may be grounds for imposition by the Court of

5  any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

6  Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney
> is bound by the Federal Rules of Civil or Criminal Procedure, these
> Rules, and all other applicable law.  All obligations placed on
> "counsel" by these Rules apply to individuals appearing in propria
> persona.  Failure to comply therewith may be ground for dismissal,
> judgment by default, or any other sanction appropriate under these
> Rules.

11  See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the

12  same rules of procedure that govern other litigants") (overruled on other grounds).  Case law is in

13  accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's

14  case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his

15  or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the

16  court's local rules.[3]  See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a

---

> **(c) Opposition and Non-Opposition.**  Opposition, if any, to the
> granting of the motion shall be in writing and shall be filed and
> served not less than fourteen (14) days preceding the noticed (or
> continued) hearing date.  A responding party who has no opposition
> to the granting of the motion shall serve and file a statement to that
> effect, specifically designating the motion in question.  No party
> will be entitled to be heard in opposition to a motion at oral
> arguments if opposition to the motion has not been timely filed by
> that party. . . .

[3]  The Ninth Circuit Court of Appeals had held that under certain circumstances a district court
does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil
Procedure 41(b) for failing to file an opposition to a motion to dismiss.  See, e.g., Trice v. Clark
County Sch. Dist., 376 Fed. Appx. 789, 790 (9th Cir. 2010) (unpublished) (holding that the
district court did not abuse its discretion by dismissing claims where the pro se plaintiff had
"failed to file an opposition to [defendant's] motion to dismiss after the district court granted
[plaintiff] an extension of time to do so and warned that noncompliance would result in
dismissal.").  Although Trice is an unpublished decision and thus only of persuasive value, it is
cited herein pursuant to Ninth Circuit Rule 36-3, which provides that "[u]npublished dispositions

1  court "may act sua sponte to dismiss a suit for failure to prosecute"); <u>Hells Canyon Preservation</u>

2  <u>Council v. U.S. Forest Serv.</u>, 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss

3  an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

4  prosecute or comply with the rules of civil procedure or the court's orders); <u>Ghazali v. Moran</u>, 46

5  F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a

6  proper ground for dismissal"); <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992)

7  ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for

8  failure to comply with any order of the court"); <u>Thompson v. Housing Auth. of City of L.A.</u>, 782

9  F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to

10  control their dockets and may impose sanctions including dismissal or default).

11       In light of the foregoing, IT IS HEREBY ORDERED that:

12       1.  The hearing on defendants' pending motion (ECF No. 4), which is presently set

13  for December 12, 2013, is CONTINUED to **January 9, 2014**, at 10:00 a.m., in Courtroom No. 25

14  before the undersigned.

15       2.  Plaintiff shall file a written opposition to the motion, or a statement of non-

16  opposition thereto, on or before **December 16, 2013**. *Plaintiff's failure to file a written*

17  *opposition will be deemed a statement of non-opposition to the pending motion and consent to the*

18  *granting of the motion, and shall constitute an additional ground for the imposition of*

19  *appropriate sanctions, including a recommendation that plaintiff's entire case be involuntarily*

20  *dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).*

21       3.  Defendants may file a written reply to plaintiff's opposition, if any, on or

22  before **December 23, 2013**.

23      IT IS SO ORDERED.

24  Dated:  December 3, 2013

25                 KENDALL J. NEWMAN
               UNITED STATES MAGISTRATE JUDGE

26

27  _____

28  and orders of this Court issued on or after January 1, 2007 may be cited to the courts of this
circuit in accordance with FRAP 32.1."