UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINH NGUY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CINCH BAKERY EQUIPMENT, LLC, et al.,<br><br>　　　　Defendants. | No. 2:13-cv-02283 TLN KJN PS<br><br><br><br>ORDER |

On November 6, 2013, defendants Cindi Chananie ("Chananie") and Cinch Bakery Equipment, LLC ("Cinch") filed a "motion to dismiss for improper venue and/or to compel arbitration" pursuant to Federal Rule of Civil Procedure 12(b)(3) and the Federal Arbitration Act, 9 U.S.C. § 2.[1]  (ECF No. 4.)  Plaintiff Dinh Nguy ("plaintiff"), who is proceeding without counsel in this action, filed an Opposition brief on December 16, 2013.[2]  (Opp'n, ECF No. 8.)  Defendants Chananie and Cinch filed Reply briefing on December 23, 2013.  (Reply, ECF No. 9.)

By way of background, plaintiff filed an action in state court primarily alleging claims for fraud, breach of contract, and negligence, as well as claims under the Racketeer Influenced and

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] Although he initially failed to oppose defendants' motion, plaintiff eventually filed a written opposition in response to the court's order extending his deadline to do so.  (Order, ECF No. 7 (continuing hearing and extending deadline for plaintiff to file opposition).)

1

Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961.  (ECF No. 1 at 1-2.)  Plaintiff alleges that he and defendants entered into a written sales contract whereby he purchased bakery equipment from defendants, yet when the equipment arrived, it was defective and harmed plaintiff's business.  (Id.)  On November 1, 2013, defendants Chananie and Cinch[3] removed plaintiff's action from state court on the basis of diversity and federal question jurisdiction.  (ECF No. 1 at 1-2.)

In their pending motion, defendants Chananie and Cinch rely on clause "XVI" in the written sales contract requiring "all issues arising" under the contract to be "governed exclusively by the laws of the State of New Jersey, without regard to any conflict of law principles."[4]  (ECF No. 4-1 at 3.)  The clause also requires that "*[a]ll disputes arising hereunder shall be resolved by arbitration conducted in (or, if not possible, near) Totowa, New Jersey[,]* by one arbitrator in accordance with the then applicable rules for the resolution of Commercial Disputes of the American Arbitration Association."  (Id. (emphasis added).)

Plaintiff's Opposition brief clarifies that plaintiff *agrees* that this dispute should proceed to arbitration in New Jersey.  (Opp'n at 9, 12-16.)  In fact, plaintiff's brief quotes the arbitration clause, explains that he "was acceptable to the terms and conditions as stated within Defendants' section XVI," (id. at 9), and states that as long as the "arbitration is fair and just, then, [sic] this matter should be fully resolved."  (Id. at 12.)  Plaintiff even emphasizes that he "wants it judicially noted and placed on the record, that he has accepted, and does now accept, 'AAA' Administrative Procedure Act, Arbitration within Defendants' home state of New Jersey.  This

---

[3]  Two of the four named defendants ("Backtechnic Si.I" and "Gerd Mang") have not yet appeared in this case, and it is unclear whether they have been properly served with process.  However, during the hearing, plaintiff represented that personal service was effectuated upon Mang in Las Vegas, and that Mang is a principal of Backtechnic Si.I.  The undersigned does not make any determination regarding the propriety of service upon either of these non-appearing defendants, and notes only that the uncertainties surrounding their service supports staying this action pending arbitration rather than dismissing it outright.

[4]  While plaintiff did not attach the "sales contract" to his pleading, defendants attached it to their moving papers.  (Sales Contract, ECF No. 4-3 at 2-6.)  Plaintiff has not disputed the accuracy of the filed sales contract, and as described herein, plaintiff *agrees* that the contract's arbitration provision governs this dispute.

great concession should lead to the proper disposal and conclusion of this matter." (Id. at 13.) Plaintiff concludes that defendants' "repeated claim to assert Arbitration, has already and repeatedly been ACCEPTED by Plaintiff Dinh Nguy, and Defendants Legal Analysis thereof, is factually moot." (Id. at 14 (grammar, capitalization, and punctuation as in original).) Plaintiff also argues that defendants' pending motion is "moot" and "functionally moot" given that he agrees that the matter should be arbitrated in New Jersey pursuant to the parties' sales contract. (Id. at 15.)

While he agrees that this dispute is subject to arbitration, plaintiff argues that this pending case should not be dismissed outright, but that it should be stayed pending resolution of the arbitration. (Opp'n at 13.) He also emphasizes that staying his case would not "adversely effect" the arbitration process. (Id.)

In their Reply, defendants Chananie and Cinch note that given the contents of plaintiff's Opposition, "the parties appear to agree that this Court should compel arbitration in New Jersey." (Reply at 2-3.) The Reply also notes that "Plaintiff's Opposition seems to suggest that he is requesting a stay of the action as opposed to a dismissal. *To the extent the Court wishes to stay the action pending the completion of the arbitration in New Jersey, Defendants have no objection to this disposition*." (Id. at 4 (emphasis added).)

The pending motion (ECF No. 4) came on for hearing on January 9, 2014. Attorney Aaron Rudin attended on behalf of Chananie and Cinch. Plaintiff attended on his own behalf. As stated in their papers and confirmed during the hearing, all appearing parties *agree* that their dispute should be arbitrated in New Jersey pursuant to the sales contract's arbitration provision. Given that all appearing parties agree that the matter is subject to arbitration in New Jersey pursuant to clause XVI in the sales contract, and given that the appearing defendants are willing to allow this civil case to remain pending until the completion of the arbitration in New Jersey, there are no disputed issues left for the court to decide. See, e.g., U.S. ex rel. Turnkey Const. Servs., Inc. v. Alacran Contracting, LLC, No. 13–cv–01654 TLN CMK, 2013 WL 6503307, at *1 n.2 (E.D. Cal. Dec. 11, 2013) (unpublished) ("Both Defendant's motion and Plaintiff's opposition note a preference that this case be stayed pending arbitration, as opposed to dismissed. Therefore,

3

this is not a disputed issue and the court will stay the case as opposed to dismissing it pending arbitration.") (citation omitted).

Accordingly, for all the reasons discussed on the record during the hearing and herein, and pursuant to the agreement of the parties, IT IS HEREBY ORDERED THAT:

1. Defendants' motion (ECF No. 4) is granted in part and denied in part. The motion to dismiss is denied without prejudice to refiling, and the motion to compel arbitration is granted. The appearing parties shall proceed to arbitration in accordance with clause XVI of the sales contract, and this federal action is hereby STAYED pending resolution of the arbitration in accordance with 9 U.S.C. § 3. Plaintiff shall promptly initiate the arbitration proceedings in accordance with clause XVI of the sales contract. Plaintiff and defendants Chananie and Cinch shall cooperate to facilitate plaintiff's prompt initiation of the arbitration proceedings.

2. Defendants Chananie and Cinch shall file a Status Report promptly after plaintiff's formal initiation of arbitration proceedings, and such Status Report should state the relevant case name/number assigned to this matter in those proceedings.

3. Defendants Chananie and Cinch shall also file a Status Report every 90 days from the issuance of this order until the arbitration proceedings are completed.[5] These 90-day Status Reports should include a short update on the progress of the arbitration to date, the upcoming dates scheduled in the arbitration, the arbitration's estimated completion date, whether any previously non-appearing parties have communicated an intention to appear in this federal case or the arbitration, and any other brief, relevant information regarding the status of this dispute and/or its settlement. Defendants Chananie and Cinch shall serve a copy of each 90-day Status Report upon plaintiff at the time such Report is filed. Plaintiff may, but need not, file his own separate Status Reports on the same 90-day timeline.

////

---

[5] Failure to file such Status Reports will result in an Order to Show Cause and may subject defendants Chananie and Cinch and/or their counsel to monetary or other sanctions.

4. Plaintiff shall serve a copy of this order upon the two non-appearing defendants, namely, "Backtechnic Si.I" and "Gerd Mang," by certified mail. Within 7 days of issuance of this order, plaintiff shall file a proof of service confirming such service. The two non-appearing defendants have 30 days from the date of issuance of this order to file an objection or other response to this order. If these defendants appear and/or file documents taking a position regarding the propriety of staying this case pending arbitration, the court will *sua sponte* set a briefing schedule and schedule a hearing date, if necessary. If the court receives nothing from these defendants in the 30 days following issuance of this order, the order will remain in full force and effect.

5. The initial scheduling conference (ECF No. 3 at 2) currently set for April 3, 2014, is hereby vacated in light of the stay. The court will set an initial scheduling conference *sua sponte* should one become necessary.

IT IS SO ORDERED.

Dated: January 10, 2014

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE