UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| DINH NGUY, | No. 2:13-cv-2283 TLN KJN PS |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CINCH BAKERY EQUIPMENT, LLC, et al., | |
| Defendants. | |

On April 27, 2015, defendants Cinch Bakery Equipment, LLC and Cindi Chananie ("defendants") filed a motion to strike plaintiff's recent filings from the record and a motion for monetary sanctions pursuant to Federal Rule of Civil Procedure 11.[1] (ECF Nos. 27, 28.) Defendants noticed both motions for a hearing to take place before the undersigned on May 28, 2015. (Id.) Pursuant to this court's Local Rules, plaintiff was obligated to file and serve written oppositions or statements of non-opposition to the pending motions at least fourteen (14) days prior to the hearing date, or May 14, 2015. See E.D. Cal. L.R. 230(c).[2] The court's docket

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] More specifically, Eastern District Local Rule 230(c) provides:

  **(c) Opposition and Non-Opposition.** Opposition, if any, to the

1

reveals that plaintiff, who is proceeding without counsel, failed to file a written opposition or statement of non-opposition with respect to either of defendants' motions.

Eastern District Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Moreover, Eastern District Local Rule 183(a) provides, in part:

> Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on "counsel" by these Rules apply to individuals appearing in propria persona. Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.

See also King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants") (overruled on other grounds). Case law is in accord that a district court may impose sanctions, including involuntary dismissal of a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b), where that plaintiff fails to prosecute his or her case or fails to comply with the court's orders, the Federal Rules of Civil Procedure, or the court's local rules.[3] See Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); Hells Canyon Preservation Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating that courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to

---

> granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the noticed (or continued) hearing date. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party. . . .

[3] The Ninth Circuit Court of Appeals had held that under certain circumstances a district court does not abuse its discretion by dismissing a plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b) for failing to file an opposition to a motion to dismiss. See, e.g., Trice v. Clark County Sch. Dist., 376 Fed. App'x. 789, 790 (9th Cir. 2010) (unpublished). By analogy, this authority applies to failure to oppose a motion for judgment on the pleadings, which similarly challenges a plaintiff's complaint after the filing of an answer.

2

prosecute or comply with the rules of civil procedure or the court's orders); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam) ("Failure to follow a district court's local rules is a proper ground for dismissal"); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) ("Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court"); Thompson v. Housing Auth. of City of L.A., 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) (stating that district courts have inherent power to control their dockets and may impose sanctions including dismissal or default).

Nevertheless, in light of plaintiff's pro se status and the court's desire to resolve defendants' motions on the merits, the court finds it appropriate to continue the hearing on the motions and provide plaintiff with one additional opportunity to oppose the motions.

Accordingly, IT IS HEREBY ORDERED that:

1. The hearing on defendant's motion to strike and motion for sanctions (ECF Nos. 27, 28), which is presently set for May 28, 2015, is CONTINUED until June 25, 2015, at 10:00 a.m., in Courtroom No. 25 before the undersigned.

2. Plaintiff shall file written oppositions to defendants' motions, or statements of non-opposition thereto, on or before June 11, 2015. Plaintiff's failure to file written oppositions will be deemed a statement of non-opposition to both pending motions and consent to the granting of both motions, and shall constitute an additional ground for the imposition of appropriate sanctions, including a possible recommendation that plaintiff's entire case be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

3. Defendants may file written replies to plaintiff's oppositions, if any, on or before June 18, 2015.

IT IS SO ORDERED.

Dated: May 22, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE