UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DINH NGUY,

Plaintiff,

v.

CINCH BAKERY EQUIPMENT, LLC, et al.,

Defendants.

No. 2:13-cv-2283-TLN-KJN PS

ORDER

Presently before the court are defendants Cinch Bakery Equipment, LLC and Cindi Chananie's ("defendants") motion to strike plaintiff's documents filed at ECF Nos. 24, 25, and 26 from the record (ECF No. 27) and motion for monetary sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 11 (ECF No. 28). Also before the court are plaintiff Dinh Nguy's two "motions to quash," filed on May 22, 2015, and June 11, 2015, respectively. (ECF Nos. 34, 36.)

The court heard this matter on its June 25, 2015 law and motion calendar. Plaintiff Dinh Nguy appeared on his own behalf. Attorney Aaron Rudin appeared telephonically on behalf of defendants Cinch Bakery Equipment, LLC and Cindi Chananie.

////

The undersigned has fully considered the parties' briefs, the parties' oral arguments, and appropriate portions of the record. For the reasons that follow, defendants' motion to strike is granted, and defendants' motion for sanctions and plaintiff's motions to quash are denied. Furthermore, the court will *sua sponte* strike plaintiff's filings at ECF Nos. 23, 29, and 41 from the record.

I. Relevant Background

Plaintiff initially filed this action in state court primarily alleging claims for fraud, breach of contract, and negligence, as well as claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), 18 U.S.C. § 1961. (ECF No. 1 at 1-2.) Plaintiff alleges that he and defendants entered into a written sales contract whereby he purchased bakery equipment from defendants, yet when the equipment arrived, it was defective and harmed plaintiff's business. (Id.) On November 1, 2013, defendants removed this action from state court on the basis of diversity and federal question jurisdiction. (Id.)

On November 6, 2013, defendants filed a motion to dismiss this case and to compel arbitration pursuant to the arbitration clause in the sales contract the parties had entered into. (ECF No. 4.) On January 9, 2014, the court granted this motion in part, ordered that the parties proceed to arbitration in accordance with the arbitration clause in the parties' contract, and stayed this action pending resolution of the arbitration in accordance with 9 U.S.C. § 3. (ECF No. 12.) The court further ordered defendants to provide the court with a status report every 90 days that details the parties' progress regarding their arbitration proceedings, and permitted plaintiff to file a separate status report on the same subject if he so desired. (Id. at 4.) Defendants filed a status report during each 90-day period thereafter until January 5, 2015, the date of their most recent report.[1] (ECF Nos. 15, 16, 20, 21.) In the most recent status report, defendants stated that arbitration was pending before the American Arbitration Association, that an arbitrator had been appointed to this matter, and that a preliminary hearing would be scheduled within the first two weeks of January of 2015. (ECF No. 21 at 2.)

[1] Plaintiff also filed his own separate status reports on February 28, 2014; July 16, 2014; and January 16, 2015. (ECF Nos. 13, 17, 22.)

Defendants inform the court in their motion for sanctions that the arbitration proceedings are still ongoing and that an initial order was issued by the assigned arbitrator on April 1, 2015. (ECF No. 27-1 at 2.)[2] In this order, the arbitrator denied several motions filed by plaintiff, found that defendants were not required to post bond or to agree to settle, and held that plaintiff could not be represented by a non-party, but could represent himself pro se. (ECF No. 28-2.) In addition, the arbitrator added United Bakery as a party and dismissed plaintiff's complaint against defendants Cindy Chananie and Gerd Magg with prejudice. (Id.)

II. Defendants' Motion to Strike Plaintiff's Documents from the Record

Defendants request the court to strike plaintiff's filings at ECF No. 24, 25, and 26 from the record. Plaintiff's document filed at ECF No. 24 is styled as a "verified complaint for permanent injunction," while his filings at ECF Nos. 25 and 26 are respectively styled as a "motion for reinstatement" of the present action and a "notice of recission [sic]." Defendants argue that plaintiff's "verified complaint for permanent injunction" should be stricken from the record pursuant to Federal Rule of Civil Procedure 12(f) because it is an improper pleading that was filed in violation of the court's order staying this action during the pendency of the parties' ongoing arbitration proceedings. Defendants further argue that neither of the other two filings defendants seek to strike constitutes a proper motion for which the court could grant affirmative relief because plaintiff cannot seek to "remand" this case back to this court or obtain a rescission of the parties' contract while the arbitration proceedings are still ongoing. Therefore, defendants argue, the court should strike these baseless motions pursuant to its inherent power to control its docket. Defendant's arguments are well taken.

Federal Rule of Civil Procedure 12(f) provides that the court may strike from a pleading "an insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed.

[2] Defendants attach to their motion for sanctions a declaration by defendants' counsel Aaron Rudin detailing the most recent developments in the parties' arbitration proceedings. (ECF No. 28-2.) Because this declaration informs the court of the parties' arbitration proceedings, the court will construe the declaration as defendants' most recent 90-day status report in compliance with the court's January 10, 2014 order. Defendants are reminded that they are still under a continuing duty to file such a status report with the court every 90 days until the parties' arbitration proceedings have concluded. (See ECF No. 12.)

R. Civ. P. 12(f). Rule 12(f) is limited to striking only pleadings and permits the striking of only those specific matters which are provided for in the rule. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010). "[T]o be impertinent or immaterial, the allegations must have no possible bearing on the controversy." Employers Ins. of Wausau v. Musick, Peeler, & Garrett, 871 F. Supp. 381, 391 (S.D. Cal. 1994). The decision to grant or deny a motion to strike is vested in the court's sound discretion. Talbot v. Robert Matthews Distrib. Co., 961 F.2d 654, 664-65 (7th Cir. 1992) (citing Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613, 618 (1st Cir. 1988)).

"The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings. Instead, trial courts make use of their inherent power to control their dockets, Anthony v. BTR Auto. Sealing Sys., 339 F.3d 506, 516 (6th Cir. 2003), when determining whether to strike documents or portions of documents." Zep Inc. v. Midwest Motor Supply Co., 726 F.Supp.2d 818, 822 (S.D. Ohio 2010).

With respect to plaintiff's filing styled as a "verified complaint for permanent injunction," defendants' request to strike this document pursuant to Rule 12(f) is warranted. To the extent that this filing is comprehensible, it appears that plaintiff seeks the issuance of an injunction against the American Arbitration Association and defendants prohibiting them from continuing the ongoing arbitration proceedings in this matter. The allegations in this "complaint" are impertinent or immaterial to this action because they have no connection to plaintiff's claims against defendants, all of which concern defendants' alleged breach of a sales contract with plaintiff. In other words, the allegations in this document "have no possible bearing on the controversy" presented by this action. Employers Ins. of Wausau, 871 F. Supp. at 391. Accordingly, the court will exercise its discretion under Federal Rule of Civil Procedure 12(f) to strike this pleading from the record.

Defendants' request for the court to exercise its inherent power over its docket to strike plaintiff's "motion for reinstatement" and "notice of recission [sic]," is also well taken.

To the extent that it can be comprehended, plaintiff's motion for reinstatement appears to request that the court lift the stay on this action, vacate and overturn any decisions that have been

rendered in the parties' arbitration proceedings, and proceed with this action because the arbitrator and defendants have acted in a corrupt and unlawful manner during the arbitration proceedings thus far. (ECF No. 25.) As defendants highlight in their motion, the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq., permits the court to make an order vacating an arbitration award upon the request of a party to the arbitration upon a showing of statutorily-defined misconduct on the part of an arbitrator or other party. See id. at § 10(a).[3] However, the arbitration must be complete before the court may issue such an order. See USM Corp. v. GKN Fasteners, Ltd., 574 F.2d 17, 19-20 (1st Cir. 1978) ("The statute is clear: once the district court is satisfied that the issue is referable to arbitration, it 'shall' stay the action until arbitration is complete. 9 U.S.C. § 3. In other words, there are to be no court proceedings (on matters subject to the arbitration clause) until the arbitration, which was contracted for by both parties, is complete."). Here, the arbitration between the parties is ongoing and only an initial ruling on several motions filed by plaintiff has been issued by the assigned arbitrator. Therefore, plaintiff's request that the court lift its stay on this action and vacate and overturn the arbitrator's award is premature. See USM Corp., 574 F.2d at 19-20. Furthermore, it appears that this motion is based on little more than plaintiff's dissatisfaction with the arbitrator's initial ruling against him, which

---

[3] Specifically, 9 U.S.C. § 10(a) provides:

> (a) In any of the following cases the United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
>
> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
>
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

is insufficient to make the showing required to obtain the relief plaintiff requests. Accordingly, the court agrees with defendants that this motion is baseless.

Finally, as with the other filings defendants seek to strike, plaintiff's "notice of recission [sic]" is largely unintelligible. Nevertheless, it appears that plaintiff requests the court to issue an order rescinding the sales contract at issue in this action. Such a motion for final relief at this stage of the proceedings is clearly frivolous.

Defendants correctly note that while Rule 12(f) does not permit the court to strike plaintiff's "motion for reinstatement" and "notice of recission [sic]" because they are not pleadings, the court may strike such frivolous motions pursuant to its inherent power to control its docket. Zep Inc., 726 F. Supp. 2d at 822. Accordingly, defendants' motion to strike these two documents from the record on this basis is granted.

III. Defendants' Motion for Rule 11 Sanctions

Defendants also request monetary sanctions against plaintiff pursuant to Federal Rule of Civil Procedure 11 on the basis that plaintiff's recent filings are frivolous and were made for an improper purpose. (ECF No. 28.) Specifically, defendants request the court to award $6,110.00 in monetary sanctions against plaintiff "based on the attorney's fees incurred by, and anticipated to be incurred by, defendants as a result of plaintiff's filing of numerous harassing and baseless documents in direct violation of the court ordered stay of this action." (ECF No. 28-1 at 2.)

Among other things, Federal Rule of Civil Procedure11 "prohibits lawyers from filing papers with the court that are: (1) presented for any improper purpose . . . ; or (2) not warranted by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law or for establishing new law." United Nat'l Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1115 (9th Cir. 2001); Fed. R. Civ. P. 11(b). Rule 11 "deters 'baseless filings' by requiring a 'reasonable inquiry' that there is some plausible basis for the theories alleged." Strom v. United States, 641 F.3d 1051, 1059 (9th Cir. 2011). The requirements of Rule 11 apply equally to pro se litigants. See Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996); Warren v. Guelker, 29 F.3d 1386, 1390 (9th Cir. 1994).

////

A court considering a request for Rule 11 sanctions should consider whether the position taken was "frivolous," "legally unreasonable," or "without factual foundation, even if not filed in subjective bad faith." Zaldivar v. City of Los Angeles, 780 F.2d 823, 831 (9th Cir. 1986). A filing is "frivolous" if it is one "that is both baseless and made without a reasonable and competent inquiry." Holgate v. Baldwin, 425 F.3d 671, 676 (9th Cir. 2005); see Strom, 641 F.3d at 1059. If there is some "plausible basis," even a weak one, for the arguments advanced, then Rule 11 sanctions are improper. United Nat'l Ins. Co., 242 F.3d at 1117; see Strom, 641 F.3d at 1059. Rule 11 should "not be used routinely when the parties disagree about the correct resolution of a matter in litigation." Morristown Daily Record, Inc. v. Graphic Comm'ns Union, Local 8N, 832 F.2d 31, 32, n.2 (3d Cir. 1987).

While it is clear from the parties' submissions that plaintiff's recent filings are largely unintelligible, request relief that the court cannot grant, and generally lack any merit, the court will not grant defendants' motion for Rule 11 sanctions at this time. While plaintiff's pro se status does not exempt him from Rule 11's requirements, or from the imposition of sanctions for violations of those requirements, the court finds that its admonishment to plaintiff during the hearing to cease making such legally baseless filings and advisement that if he continues to make such filings he will be sanctioned are sufficient to curb further such behavior. Nevertheless, while the court will deny defendant's motion for Rule 11 sanctions, it will do so without prejudice to later renewal of this motion if plaintiff continues to file frivolous documents while this action is stayed during the pendency of the parties' arbitration proceedings. Furthermore, the court will take into account the amount of attorneys' fees defendants request in connection with its present motion for sanctions in addition to any further sanctions upon considering any future motions for sanctions against plaintiff based on similar behavior.

IV. Plaintiff's Motions to Quash

Also before the court are plaintiff's two motions to quash, filed on May 22, 2015, and June 11, 2015, respectively. (ECF Nos. 34, 36.) Both motions appear to be substantively the same. To the extent that these two motions can be comprehended, they appear to request the court to quash defendants' opposition to plaintiff's motion for reinstatement of this action.

Plaintiff provides no legal basis for why the court should "quash" or otherwise disregard defendants' opposition. Moreover, as discussed above, the motion to which defendants' opposition is directed, plaintiff's "motion for reinstatement," (ECF No. 25), is frivolous and will be stricken from the record. Accordingly, plaintiff's motions to quash are denied as moot.

V. Plaintiff's Other Recent Filings

In addition to filing the documents defendants seek to strike and the two motions to quash discussed above, plaintiff also filed three other documents, one styled as a "notice of removal back into the United States District Court, Eastern District of California," (ECF No. 23), another styled as a notice to the American Arbitration Association to cease and desist, (ECF No. 29), and the final one styled as a "final answer" (ECF No. 41). All three of these documents are patently frivolous and are in violation of this court's order staying this action pending the ongoing arbitration between the parties. As discussed above, plaintiff may not seek to lift this stay or to vacate any arbitration award until after the parties' arbitration proceedings have concluded. See 9 U.S.C. § 10(a); USM Corp., 574 F.2d at 19-20. Accordingly, the court will strike these three documents from the record *sua sponte*. See Franklin v. United States, 2012 WL 5954016, at *1 (E.D. Cal. Nov. 28, 2012) (striking plaintiff's letters to the court from the record *sua sponte* on the basis that they were filed in non-conformance with the court's orders).

***Plaintiff is again cautioned to not make any more filings in this action until after the parties' arbitration proceedings have concluded and the stay on this case has been lifted. Plaintiff is further cautioned that if he does not abide by this directive the court will not hesitate to issue sanctions against plaintiff sua sponte, including, but not limited to, monetary sanctions and a possible recommendation that this entire action be involuntarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).***

VI. Conclusion

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Defendants' motion to strike (ECF No. 27) is granted.

2. The documents filed at ECF Nos. 24, 25, and 26 are stricken from the record and will not be considered by the court for any purpose other than a renewed motion for Rule 11

sanctions filed by defendants.

3. Defendants' motion for Rule 11 sanctions (ECF No. 28) is denied without prejudice to a later renewal if plaintiff continues to make baseless filings while this action is stayed pending arbitration.

4. Plaintiff's motions to quash (ECF Nos. 34, 36) are denied.

5. Plaintiff's documents filed at ECF Nos. 23, 29, and 41 are stricken from the record *sua sponte* and will not be considered by the court for any purpose.

IT IS SO ORDERED.

Dated: June 26, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE