UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DINH NGUY,<br><br>              Plaintiff,<br><br>     v.<br><br>CINCH BAKERY EQUIPMENT, LLC; CINDY CHANANIE; BACKTECHNIC S.I.; GERD MANG; and JOHN and JANE DOES 1–10,<br><br>              Defendants. | No. 2:13-cv-02283-TLN-KJN<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO CONFIRM ARBITRATION AWARD** |

This matter is before the Court on Defendants Cinch Bakery Equipment, LLC ("Cinch"), Cindy Chananie, Backtechnic S.I., and Gerd Mang's ("Defendants") motion to confirm arbitration award. (ECF No. 44.) Plaintiff Dinh Nguy ("Plaintiff") filed an opposition to Defendants' motion. (ECF No. 36.) The Court has carefully considered all briefing filed in this case. For the reasons set forth below, the Court hereby GRANTS Defendants' motion to confirm arbitration award and DISMISSES with prejudice Plaintiff's complaint in its entirety.

### I.   FACTUAL AND PROCEDURAL BACKGROUND

This case arises out of a dispute between Plaintiff and Defendants regarding Defendant Cinch's alleged breach of its sales agreement with Plaintiff. (Pl.'s Opp'n. to Mot. to Confirm

1

Arbitration Award, ECF No. 51 at 2.)  Plaintiff is the owner and CEO of United Bakery, Inc. (Decl. in Supp. of Dinh Nguy's Admin. Verified Compl., ECF No. 18-1 at 2.)  Defendant Gerd Mang and Cindy Chananie are the owners of Cinch Bakery Equipment, LLC.  (Pl.'s First Am. Compl., ECF No. 18 at 5.)

On October 4, 2013, Plaintiff initiated the instant case in California state court.  (ECF No. 1-1 at 2.)  Thereafter, on November 1, 2013, Defendants filed a Notice of Removal to the Eastern District of California.  (ECF No. 1 at 1.)  Defendants subsequently filed a motion to compel arbitration and/or dismiss for improper venue.  (ECF No. 4.)  On January 10, 2014, Magistrate Judge Kendall J. Newman denied the motion to dismiss, granted the motion to compel arbitration, and stayed the instant action pending resolution of the arbitration.  (ECF No. 12.)  On or about August 15, 2014, Plaintiff commenced the arbitration proceeding against Defendants through the American Arbitration Association (the "AAA").  (Status Report by Defs., ECF No. 20 at 2.)

On April 1, 2015, after the preliminary hearing, the arbitrator ordered Plaintiff to: (1) add United Bakery as a party to the instant action; and (2) find counsel to represent United Bakery.[1] (ECF No. 44-3 at 3.)  The arbitrator ordered that Plaintiff secure an attorney for United Bakery by April 8, 2015.  (ECF No. 44-3 at 5.)  Plaintiff did not meet this deadline.  (ECF No. 44-3 at 5.) The arbitrator extended the deadline to April 23, 2015, and Plaintiff again did not meet this deadline.  (ECF No. 44-3 at 5.)  Consequently, on April 29, 2015, the arbitrator issued an order stating:

> [B]ased on all of the facts set forth herein, the arbitration complaint is hereby dismissed without prejudice for a period of 20 days. If at the end of 20 days claimants have failed to provide AAA with an official letter of representation in writing from an attorney authorized to practice law in the State of New Jersey the complaint shall be dismissed with prejudice.

(ECF No. 44-3 at 5.)  Plaintiff did not reply after 20 days and accordingly, on May 26, 2015, the arbitrator signed an order dismissing Plaintiff's complaint with prejudice.  (ECF No. 44-3 at 5.) Defendants now seek entry of this award.  (ECF No. 44.)

---

[1] The arbitrator does not provide an explanation as to why United Bakery is an indispensable party. However, Plaintiff names United Bakery, Inc. as a co-Plaintiff in his declaration in support for a continuance (ECF No. 48 at ¶ 2) and in his opposition (ECF No. 51 at 1). Plaintiff also names United Bakery, Inc. as the claimant in his demand for arbitration (ECF No. 18-3 at 2) and on numerous occasions states that he is bringing his claims "on behalf of United Bakery" (*see e.g.,* ECF No. 48 at ¶ 13).

While Plaintiff failed to respond to instructions from the arbitrator, he did continue to file motions in federal court.  On April 22, 2015, Plaintiff filed three documents before Judge Newman, styled as a "verified complaint for permanent injunction," a "motion for reinstatement," and a "notice of recission."  (ECF No. 43 at 3.)  Plaintiff filed these documents despite the existing motion to stay pending the parties' ongoing arbitration proceedings.  (ECF No. 43 at 3.)  Judge Newman held that all of Plaintiff's filings were stricken from the record.  (ECF No. 43 at 6.)  Thereafter, on May 22, 2015, and June 11, 2015, Plaintiff filed two motions to quash.  (ECF No. 34; ECF No. 36.)  Judge Newman held that these two motions were frivolous and ordered them stricken from the record.  (ECF No. 43 at 8.)  In or around April 2015 and June 2015, Plaintiff also filed three other documents, one titled as a "notice of removal back into the United States District Court, Eastern District of California," (ECF No. 23), another designated as a "notice to the American Arbitration Association to cease and desist," (ECF No. 29), and the final one identified as a "final answer" (ECF No. 41).  Judge Newman held that all three of these filings were frivolous and violated the court's order to stay.  (ECF No. 43 at 8.)  Consequently, Judge Newman ordered these three filings stricken from the record and cautioned Plaintiff that any further filings before the arbitration proceeding concluded could prompt monetary sanctions against Plaintiff as well as an involuntary dismissal.  (ECF No. 43 at 8.)

On July 2, 2015, Defendants filed a motion to confirm arbitration award before Judge Newman, asking the court to confirm the arbitrator's award in which she dismissed Plaintiff's arbitration complaint with prejudice.  (ECF No. 44.)  Judge Newman ordered that Plaintiff file an opposition no later than September 3, 2015.  (ECF No. 46.)  On September 3, 2015, Plaintiff filed a notice of substitution of attorney and requested a continuance to allow his attorney to prepare a written opposition.  (ECF No. 47; ECF No. 48 at 3.)  Judge Newman approved this request and referred the matter to this Court.  (ECF No. 49.)  On September 23, 2015, Plaintiff's counsel filed an opposition to Defendants' motion to confirm arbitration award.  (ECF No. 51.)  Defendants filed a reply on October 1, 2015.  (ECF No. 52.)

/ / /

/ / /

3

## II. STANDARD OF LAW

Section 9 of the Federal Arbitration Act ("FAA") authorizes a party to an arbitration agreement to apply for an order confirming an arbitration award "any time within one year after the award." 9 U.S.C. § 9. "[T]he court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." *Id.*

"[T]he [FAA] allows a federal court to correct a technical error, to strike all or a portion of an award pertaining to an issue not at all subject to arbitration, and to vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law." *Kyocera Corp. v. Prudential—Bache Trade Servs., Inc.*, 341 F.3d 987, 997–98 (9th Cir. 2003). However, the court's review of an arbitration award is "extremely limited." *A.G. Edwards & Sons, Inc. v. McCollough*, 967 F.2d 1401, 1403 (9th Cir. 1992) (citing *Todd Shipyards Corp. v. Cunard Line, Ltd.*, 943 F.2d 1056, 1060 (9th Cir. 1991)). Courts are deferential to arbitrators' decisions. *Romero v. Citibank USA*, No. 1:07–CV–00549, 2007 WL 2688848, at *3 (E.D. Cal. Sept.13, 2007) (citing *Rostad & Rostad Corp. v. Inv. Mgmt. & Research, Inc.*, 923 F.2d 694, 697 (9th Cir. 1991)). "[A]rbitrators exceed their powers not when they merely interpret or apply the governing law incorrectly, but when the award is completely irrational, or exhibits a manifest disregard of law." *Kyocera Corp.*, 341 F.3d at 997 (internal citations and quotations omitted).

## III. ANALYSIS

Defendants petition the Court to confirm the final award issued by the arbitrator on May 26, 2015. In response, Plaintiff opposes this request and essentially alleges that the Court should vacate the arbitration award because: (1) the arbitrator's order to dismiss Plaintiff's claim with prejudice does not constitute an award pursuant to Title 9 of the United States Code section 11(b); and (2) the arbitrator exceeded her power by dismissing Plaintiff's case with prejudice because she "refused to hear evidence pertinent and material to the controversy." (ECF No. 51 at 3–7.)

Notices of a motion to vacate, modify, or correct an award "must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C.A. § 12. A motion to vacate an arbitration award after the three months prescribed time is

not permitted, even if filed as part of an opposition to a motion to confirm an arbitration award or to assert new claims. *Brotherhood of Teamsters & Auto Truck Drivers v. Celotex Corp.*, 708 F.2d 488, 490 (9th Cir. 1983) ("[An] unsuccessful party at arbitration who did not move to vacate the award within the prescribed time may not subsequently raise, as affirmative defenses in a suit to enforce the award, contentions that it could have raised in a timely petition to vacate the award.").

Here, on September 23, 2015, Plaintiff filed an opposition, which is in essence a petition to vacate the arbitration award. (ECF No. 51.) This filing date was nearly four months after the arbitrator signed the arbitration award on May 26, 2015. "The clear import of this statutory [three month time limit] is that challenges to an arbitration award are to be brought via a timely motion to vacate, not by way of defenses based upon the statutory grounds for vacating raised in response to a motion to confirm." *Carpenters 46 Northern California Counties Conference Bd. v. Meddles*, 535 F. Supp. 775, 778–79 (N.D. Cal. 1981). Allowing a respondent to ignore an award unfavorable to him or her by failing to move to vacate it in a timely fashion, and thereafter seek to upset the award when the petitioner brings a motion to confirm or enforce it, would impair the fundamental policy of this rule. *Id.* at 779. Accordingly, Plaintiff's defenses stated within its opposition motion are barred by the statute of limitations. *See Sheet Metal Workers' Intern. Ass'n, Local No. 252 v. Standard Sheet Metal, Inc.*, 699 F.2d 481, 483 (9th Cir. 1983) (holding that the failure to move to vacate an arbitration award within the three month time period bars a moving party from bringing future defenses). Plaintiff cites no authority that would exempt his defenses from 9 U.S.C. § 12. Accordingly, Plaintiff may not move to vacate Defendants' arbitration award through his opposition to Defendants' motion to confirm the award. Moreover, because the Court must grant a confirmation order "unless the award is vacated, modified, or corrected" pursuant to 9 U.S.C. § 9, the Court hereby grants Defendants' motion to confirm arbitration award and consequently dismisses Plaintiff's claims with prejudice.

IT IS SO ORDERED

Dated: May 4, 2016

Troy L. Nunley
United States District Judge